■     In the Matter of the Claim of LILLIAN NOHE, Respondent, against SHEFFIELD FARMS COMPANY, INC., et al., Appellants, and ZURICH INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of compensation made by the Workmen's Compensation Board for death benefits

to the widow of a deceased workman. The award also includes compensation for partial disability due to the decedent during his lifetime and made payable to his widow upon his death. Decedent was employed as a car washer in the dairy business of the employer. While in the course of his employment he suffered injuries as the result of two accidents, one in February, 1943 and the other in August, 1945. The first accident and its results are of no moment here and require no discussion. The second accident occurred when an iron lock ring blew off a tire rim and struck him in the forehead, knocking him against a bench. As a result of this accident he was rendered unconscious and sustained rather serious injuries to his head, including concussion, contusions and abrasions. He was treated at a hospital but returned to work within a few days. However there is evidence that he continued to suffer pain in his head and legs, and subsequently developed a severe depression. In 1949 he suffered a nervous breakdown, and on several occasions he threatened and attempted to kill himself. In February, 1954 some eight years after the second accident he entered a hospital for treatment and a couple of days later he either jumped or fell to his death from a window of the hospital. The serious question in the case of course is whether decedent's death was causally connected with the accident of August, 1945. As we read the record there is substantial medical testimony to sustain an affirmative answer to that question, and the board has so found. In addition to treatment by his own personal physician decedent was treated by a doctor who had specialized in neurology and psychiatry. This physician gave decedent electrical shock treatments for his depressive mental condition. He testified that in his opinion the bases of decedent's emotional disturbances were both organic and functional. In addition he felt that decedent's depression was the result of an organic lesion in the nature of a post-concussion syndrome and directly related this condition to the second accident. We think this was substantial evidence sufficient to justify the finding of the board and to satisfy even the requirements of *Matter of Delinousha* v. *National Biscuit Co.* (248 N. Y. 93), assuming that the strict principles relative to suicide cases therein stated are still the law. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.